IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AASIM I.W. NASH, | : | CIVIL NO. 1:CV-05-0862 |
| Plaintiff, | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| BOB DURISON, et al., | : | |
| Defendants | : | |

## MEMORANDUM and ORDER

I. **Background**

Plaintiff, Aasim I.W. Nash, is currently an inmate at the State Correctional Institution at Frackville, Pennsylvania. He filed this civil rights action pursuant to 42 U.S.C. § 1983 while confined at the State Correctional Institution at Graterford ("SCI-Graterford"), Pennsylvania. Along with the complaint, Plaintiff filed an application to proceed in forma pauperis.[1] Named as Defendants are Bob Durison, CMR Director of the Philadelphia County Prison System and the "Philadelphia Common Pleas Time Credit Clerk." Plaintiff alleges that during the time period from 2001 through 2005, he has been trying to obtain twenty-six (26) months of time credit on his sentence from Philadelphia County. He claims that he has been writing letters to Defendants, Sentencing Judge Webster Keogh and to the Administrator of the Philadelphia Court of Common Pleas, but apparently has received no action. As relief, he seeks credit on his Philadelphia County sentence from January 20, 1998 through April 24, 2000, and compensatory damages in the amount of

---

[1] Plaintiff completed this Court's form application for leave to proceed in forma pauperis and authorization form. An Administrative Order was thereafter issued on April 29, 2005 (Doc. 4), directing the warden at SCI-Graterford to commence deducting the full filing fee from Plaintiff's prison trust fund account.

$70 million dollars. For the following reasons, the case will be transferred to the United States District Court for the Eastern District of Pennsylvania.

## II.   Discussion

Venue for actions brought under § 1983 is governed by 28 U.S.C. § 1391(b). Section 1391(b) provides that venue is proper in: (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. The named defendants in this case are located in Philadelphia County which is located in the Eastern District of Pennsylvania and the allegations in the complaint relate to conduct which took place in that district as well. As such, the proper venue for this action is the Eastern District of Pennsylvania. 28 U.S.C. § 1391(b).

When venue is improper, as in this case, a court may transfer the case to the district court "in which it could have been brought." 28 U.S.C. § 1406(a). In the interest of justice, this case will be transferred to the Eastern District of Pennsylvania.[2] An appropriate Order follows.

## III.   Order

**AND NOW**, this 23rd day of May, 2006, in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

---

[2] Because Petitioner also seeks credit on his state court sentence, this action could be construed as a combined civil rights and habeas corpus action. Even if the matter is construed to also be a habeas matter, transfer of the action to the Eastern District of Pennsylvania is appropriate pursuant to 28 U.S.C. § 2241(d), as the underlying conviction and sentence occurred in Philadelphia County.

1. The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of Pennsylvania.

2. The Clerk of Court is directed to close this case.


           ___s/ Yvette Kane_____
           YVETTE KANE
           United States District Judge